UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY EDWARD BRANHAM,

                    Petitioner,

v.                                                    Case No. 8:06-cv-569-T-17EAJ

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS,

                    Respondent.
_____/

## ORDER

        This cause is before the Court on Petitioner Johnny Edward Branham's 28

U.S.C. § 2254 petition for writ of habeas corpus.  Branham challenges his conviction and

sentence entered by the Circuit Court for the Thirteen Judicial Circuit, Hillsborough County,

Florida.

Background

        Branham was originally charged in eleven cases for his role in numerous armed

robberies in Hillsborough County. On October 26, 2001, Branham, represented by retained

counsel, pled guilty to attempted first degree murder and armed robbery as charged in case

no. 00-20018, and to four additional armed robberies charged separately in case nos. 00-

20140, 00-20141, 00-20150, and 00-21286. Pursuant to his plea terms, three other cases

were nolle prossed, as his trial counsel's evidentiary testimony would later reveal. Branham

was adjudicated guilty of the crimes to which he pled guilty. An overall probationary split

sentence of 17 years prison, followed 13 years probation was imposed.[1] Within the time for appeal, Branham filed a pro se motion to withdraw his plea dated November 19, 2001, under Florida Rule of Criminal Procedure 3.170 alleging his counsel misled him and he felt coerced to enter his plea. He also filed a pro se motion to mitigate his sentence under Florida Rule of Criminal Procedure 3.800(c).

The rule 3.170 motion was denied without a hearing by order rendered April 2, 2002. The same day, Branham's rule 3.800(c) motion to mitigate his sentence was also denied. Branham did not timely appeal his plea-based judgment following the April 2, 2002, rendition of the rule 3.170 denial.

State collateral Petitions

Instead, Branham filed a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 dated June 6, 2002, in which he alleged his trial counsel rendered ineffective assistance by not seeking suppression of his confession as the product of purported threats by law enforcement. By nonfinal order rendered July 9, 2002, the Honorable Chet A. Tharpe directed the state to respond. The state responded, asserting the transcribed taped interview of Branham by police bears out Branham's confession was freely and voluntarily given. By final order rendered October 23, 2002, the postconviction court, finding the state's response persuasive, adopted the response and summarily denied the rule 3.850 motion. Branham appealed the adverse result. On May 28, 2003, the state district court in case no. 2D03-157 reversed the summary denial for record attachments or alternatively, evidentiary development. *Branham v. State*, 846 So. 2d 616, 617 (Fla. 2d

---

[1] *See e.g., Broughton v. State*, 31 Fla. L. Weekly D 1493 (Fla. 2d DCA May 31, 2006)(explaining a probationary split sentence consists of a period of confinement, none of which is suspended, followed by a period of probation).

DCA 2003). The decision provides, in relevant part:

> Branham pleaded guilty to four counts of armed robbery. Branham confessed to the crimes after a police interrogation. Branham claims that counsel was ineffective for failing to move to suppress this confession when counsel knew that it was obtained through threats and coercion. The trial court denied the motion and attached a transcript of Branham's taped confession. This transcript indicates that Branham was questioned by police for almost five hours before the tape recorder was turned on.
>
> Branham's claim is not conclusively refuted by the transcript of his confession. If Branham's attorney had filed a motion to suppress, the trial court would have been required to make a determination on the issue of whether Branham was coerced or threatened during the five hours of questioning prior to the tape recording. "Rule 3.850 explicitly requires that the record 'conclusively' rebut an otherwise cognizable claim if it is to be denied without a hearing." *State v. Leroux*, 689 So. 2d 235, 237 (Fla. 1996); *see also Flowers v. State,* 793 So. 2d 36 (Fla. 2d DCA 2001).
>
> Accordingly, we reverse the summary denial and remand for the trial court to either attach portions of the record that conclusively refute Branham's allegations or hold an evidentiary hearing.
>
> Reversed and remanded. . . . .

*Branham*, 846 So. 2d at 617. The mandate issued June 16, 2003.

The postconviction court denied his rule 3.850 motion after an evidentiary hearing held November 20, 2003. Branham appealed. Following briefing, on February 18, 2005, the state district court per curiam affirmed without written decision in case no. 2D04-1042.  *Branham v. State*, 902 So. 2d 800 (Fla. 2d DCA 2005)[table]. Following denial of rehearing, the mandate issued April 11, 2005.

By then, Branham had improperly sought further review of the silent affirmance for which jurisdiction did not lie. Accordingly, on April 6, 2005, his application for review was dismissed. *Branham v. State*, 901 So. 2d 120 (Fla. 2005). Branham filed another pro se rule 3.850 motion dated March 17, 2005, in which he raised a claim of purported recanted

testimony framed in terms of newly discovered evidence. By order dated July 12, 2005, the rule 3.850 application was summarily denied as time-barred. Branham appealed. On January 13, 2006, the state district court per curiam affirmed without written decision in case no. 2D05- 3760. *Branham v. State*, 2006 Fla. App. LEXIS 225 (Fla. 2d DCA Jan. 13, 2006)[table]. The mandate issued March 10, 2006.

The Federal Petition Is Time-Barred

Branham filed a pro se 28 U.S.C. § 2254 petition dated March 16, 2006, which is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In *Artuz v. Bennett*, 531 U.S. 4 (2000), the Supreme Court determined that "an application is properly filed' under § 2244(d)(2) when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* at 8. The Court explained that laws and rules governing filings "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* The Supreme Court concluded that the question of whether a petitioner has "properly filed" an application "is quite separate from the question

of whether the claims contained in the application are meritorious and free of a procedural bar." *Id.* at 9. Under *Artuz*, the Eleventh Circuit looks to the state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed." *Wade v. Battle*, 379 F.3d 1254, 1259-1260 (11th Cir. 2004).

Ordinarily, a plea-based judgment in Florida becomes final 30 days later where the defendant does not prosecute a timely appeal. In Branham's case, however, finality was delayed by his lodging a timely 3.170 motion to withdraw his plea. In Florida, a timely motion to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(l) tolls the time for rendition of a final order imposing judgment and sentence until the trial court files a signed, written order disposing of the motion. See Fla. R. App. P. 9.020; *see also, Smallwood v. State*, 911 So. 2d 849, 850 (Fla. 1st DCA 2005). Thus, Branham's plea-based judgment of conviction and sentence became final upon expiration of the time for appeal on May 2, 2002, that is, 30 days after the April 2, 2002, rendition of the order denying his motion to withdraw his plea. Accordingly, his AEDPA limitations period commenced May 3, 2002.

A period of 34 days which was not tolled elapsed before he signed his rule 3.850 motion dated June 6, 2002, which is treated as a properly filed attack for tolling purposes only. This application was no longer pending upon issuance of the mandate in the collateral appeal in case no. 2D04-1042 on April 11, 2005.

None of the ensuing period of time that elapsed before Branham constructively filed his federal petition dated March 16, 2005, was tolled. Branham's second rule 3.850 motion was untimely and denied as such. Accordingly, this improper application does not qualify as a tolling application.

In *Pace v. Diguglielmo*, 543 U.S. 408, 125 S. Ct. 1807, 1811-12, (2005), the Supreme Court made clear a state's filing deadline is a filing condition. The Court explained:

> we are guided by the 'common usage' and 'common understanding' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Pace*, 125 S. Ct. at 1811-12 (citing *Artuz*, 531 U.S. at 11).

Branham's rule 3.800(c) motion does not qualify as a tolling motion under § 2244(d)(2). *See Alexander v. Secretary, Dep't of Corrections*, 510 F.3d 1362 (11th Cir. 2007) (prisoner's pro se motion under Florida rule allowing a court to reduce or modify a legal sentence did not constitute an application for state post-conviction or other collateral review with respect to the pertinent judgment but, instead, was a request to reduce a legal sentence based on mercy or leniency, and so it did not toll the limitations period for the filing of the habeas petition).

Moreover, neither Branham's motion to withdraw his plea or Branham's rule 3.800(c) motion was "pending" after finality of judgment. Accordingly, such could have no tolling effect.

Following issuance of the April 11, 2005, mandate in the collateral appeal in case no. 2D04-1042, a period of 338 days elapsed which was not tolled before Branham signed his federal petition dated March 16, 2006. Thus, an aggregate period of over a year [34 days plus 338 days] elapsed which was not tolled before he constructively filed his § 2254

petition.

The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace*, 125 S.Ct. at 1815 (because respondent assumed equitable tolling applied and because petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case); *cf., Pliler v. Ford*, 542 U.S. 225 (2004). The Eleventh Circuit has held that equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). The Court need not determine whether the statute of limitations can be equitably tolled because Branham's is not a case where extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition. In addition to his delay, albeit brief, before filing his first rule 3.850 motion, Branham unreasonably tarried following the mandate in his collateral appeal in case no. 2D04-1042 before filing his federal petition. He does not present a sufficient basis upon which to conclude he used due diligence in pursuing his ground and seeking habeas corpus relief in a timely manner.

## Standards of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be

"contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

Discussion

Even if the claims in the present petition were not time barred, Branham is not entitled to federal habaes corpus relief.

**Exhaustion/procedural default**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly

raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364, 365 (1995)("Exhaustion of state remedies requires that the state prisoner fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights").

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138.

The Court will not presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. See Coleman, 501 U.S. 722, 735-36 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); *Tower v. Phillips,* 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

### Waiver of antecedent nonjurisdictional claims

The Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Following the entering of a guilty plea on the advice of counsel, the scope of a federal habeas corpus inquiry is limited to whether the plea was voluntarily and

intelligently made; an independent inquiry as to the existence as such of any antecedent constitutional infirmity is improper. *Tollett, supra* at 266. Only an attack on the voluntary and knowing nature of the plea can be sustained. *United States v. Broce*, 488 U.S. 563 (1989)("when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir.)(noting longstanding rule that valid guilty plea bars habeas review of non-jurisdictional claims alleging antecedent violations of constitutional rights), *cert. denied*, 531 U.S. 830 (2000).

The Federal Petition

        In his sole ground, Branham contends his trial counsel rendered ineffective assistance. He faults his counsel for not seeking to suppress his confession. According to Branham, he informed his counsel that deposition testimony of detectives supported claims of an illegal detention and coerced confession.

        This ground mirrors Branham's proposed claim of omission of counsel in his first rule 3.850 motion which was eventually denied after an evidentiary hearing and pursued on collateral appeal. Nonetheless, his ground is barred. Branham's underlying issue is procedurally barred because he did not preserve and raise a Fifth Amendment claim relative to his confession on direct appeal.[2] Any such claim, as well as Branham's claim of ineffectiveness of counsel, is foreclosed by entry of his voluntary, unconditional guilty plea. The factual underpinnings of his ground are alleged to have occurred, if at all, prior to entry

---

        [2] His underlying substantive claims are procedurally barred. Pursuant to state law, a defendant who pleads guilty or nolo contendere without preserving the right to contest court rulings that preceded the plea in the criminal process may appeal only issues which occur contemporaneously with entry of the plea. *Robinson v. State*, 373 So. 2d 898 (Fla. 1979). Because he did not reserve his underlying issue for appeal, Branham by entry of his unconditional plea defaulted such.

of his plea rather than contemporaneously with it. Because his ground is premised on nonjurisdictional matters antecedent to, and independent of, the taking of the negotiated plea, such were waived by entry thereof.

Branham does not dispute he was aware prior to entry of his plea of the extent of his counsel's investigation of the state's evidence, including his confession. Indeed, he points to deposition testimony secured by his counsel. Branham's knowing embrace of the favorable plea terms cut off any further inquiry into the state's proof. *See Neely v. Pennsylvania*, 411 U.S. 954, 957 (1973)("A guilty plea constitutes a waiver of the fundamental rights to a jury trial...and to be convicted by proof beyond all reasonable doubt.").

His free and voluntary plea also operated to waive any Fifth Amendment claim relative to his statements to police. *See McMann v. Richardson,* 397 U.S. 759, 770 (1970)(holding that defendant who pled guilty was not entitled to federal habeas review of claim that his confession was obtained unconstitutionally).[3]

The primary challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill*, 474 U.S. 52, 56-57 (1985); *Tollett*, 411 U.S. 258, 267 (1973). Sub judice, none of Branham's allegations falls within the ambit of an involuntary plea challenge that would survive waiver by plea.

The waiver effect of Branham's voluntary plea applies as well to his claim of ineffectiveness of counsel in grounds one through five because such do not implicate the

---

[3] *See also, Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) (refusing to consider contention that prisoner's attorneys were ineffective because they failed to attempt to prevent use of his confession as pre-plea constitutional violation).

validity of the plea itself. *See, United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.) *cert. denied,* 531 U.S. 919  (2000). Since Branham does not allege facts showing his guilty plea was involuntary, his ineffectiveness claim, used by petitioner as a luggage carrier for the pre-plea nonjurisdictional claims, are also waived and precluded by entry of the negotiated plea. *See also, e.g., Baker v. State,* 879 So. 2d 663, 664 (Fla. 4th DCA 2004)(affirming denial of movant's rule 3.850 claim his trial counsel was ineffective for not attacking credibility of codefendant, holding guilty plea cut off inquiry into all issues arising prior to plea and further attack on credibility of codefendant was rendered pointless by plea).[4]

Alternatively, even if, Branham's claim of ineffective assistance of counsel is reached to the extent raised in his rule 3.850 motion, and he appealed the adverse result, Branham fails to meet his burden under the AEDPA standards. A challenge to a guilty or no contest plea based on a claim of ineffective assistance of counsel is analyzed using the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). It is objectively reasonable to conclude Branham does not set forth a sufficient basis to meet either prong of *Strickland*.

First, the petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment. Counsel's performance is constitutionally deficient when it "[falls] below an objective standard of reasonableness." *Id.* at 688.

Judicial scrutiny of a counsel's performance must be highly deferential and every

---

[4] *See also e.g., Pittman v. Carey*, 2005 U.S. Dist. LEXIS 12446 (D. Cal. 2005)(petitioner's claims his counsel was ineffective based upon a number of alleged pre-plea actions -- including counsel's failure to request a polygraph test, adequately cross-examine witnesses at preliminary hearing, and failure to file motions to dismiss claims, suppress evidence, or to reduce bail --occurred prior to entry of the plea agreement; upon entering the plea agreement, petitioner waived right to raise these issues in federal habeas petition as basis for claim  of of ineffective assistance of counsel).

effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Strickland*, 466 U.S., at 689. The reviewing court must indulge the strong presumption that counsel's performance was reasonable and counsel  made all significant decisions in the exercise of reasonable professional judgment. *Id.*, 466 U.S. at 690. The Supreme Court has declined to articulate specific guidelines for appropriate attorney conduct and instead emphasized that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)(citing *Strickland* at 688).[5]

Second, the petitioner must show that deficient performance prejudiced the defense. *Strickland*, at 693-96.  To show prejudice in the context of a guilty plea, the defendant must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and [would have] insisted on going to trial." *Hill,* 474 U.S. at 59. *Strickland* counsels that if a defendant fails to make a proper showing under one of the prongs, the court need not consider the other prong. *Id., 466* U.S. at 697.

In ground one, Branham claims he was lured into an office at Florida Security in Pinellas County, Florida,  and was taken into custody by law enforcement. He claims his confession was the product of police coercion. In denying his proposed claim of omission of counsel, the state postconviction court held, in relevant part, as follows:

---

[5]  When reviewing counsel's decisions, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)(en banc)(quoting *Burger v. Kemp*, 483 U.S. 776 (1987)), *cert. denied*, 531 U.S. 1204 (2001). No absolute rules dictate what is reasonable performance for lawyers. *See Chandler*, at 1317. The reasonableness of counsel's performance is determined through deferential review of all of the circumstances from the perspective of counsel at the time of the alleged errors. *Strickland*, 466 U.S. at 689. In assessing counsel's handling of the case, the reviewing court must be careful to avoid all temptation to "second-guess" his decisions as to trial strategy. *Id.* at 689.  Instead, the court examines "the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690 .

In ground 1, Defendant claims trial counsel was ineffective for failing to raise the issue that Defendant's confession was coerced. Specifically, Defendant claims that counsel was aware that the confession was the product of induced threats and fear. Defendant claims that law enforcement officers interrogated him for six and a half hours, coerced him into confessing, and denied his request to have an attorney present during his interrogation. Defendant claims that counsel was aware of this, yet advised Defendant to accept the State's offer because he was unprepared to handle the case, given the short notice. Defendant claims that if counsel had raised this issue before the Court, the outcome of the Defendant's trial would have been significantly different.

At the November 20, 2003 evidentiary hearing, Defendant testified as follows:

> MR. DAVIS: Did you tell Mr. Kuske everything about the circumstances surrounding your apprehension in Pinellas County, and the circumstances regarding transportation back to Hillsborough County and this time lapse over which you were in police custody?
>
> DEFENDANT: Yes, I did.
>
> MR. DAVIS: And what did Mr. Kuske tell you he would do in relation to those issues that you raised?
>
> DEFENDANT: He said he would definately [sic] file a motion to suppress evidence.
>
> MR. DAVIS: Were those statements from Mr. Kuske that caused you to change counsel?
>
> DEFENDANT: Yes.
>
> MR. DAVIS: Did you instruct Mr. Kuske to file any motions on your behalf?
>
> DEFENDANT: Yes. Yes, sir, I did.
>
> MR. DAVIS: And what motions did you instruct Mr. Kuske to file?
>
> DEFENDANT: Motion to suppress evidence, and I believe there was an eyewitness identification motion to suppress.

> MR. DAVIS: That motion, though, is not the subject of your 3.850?
>
> DEFENDANT: Yeah. Yeah, I'm sorry.
>
> MR. DAVIS: Did Mr. Kuske file any of those motions on your behalf?
>
> DEFENDANT: No.

(See November 20, 2003 Transcript of Proceedings, pages 28-29, attached).

> MR. DAVIS: At the time you wanted - - entered the pleas did you still want those motions to be filed and heard?
>
> DEFENDANT: Yes.
>
> MR. DAVIS: Why did you enter the plea on those days?
>
> DEFENDANT: Fear, and basically I had no choice. I went through two different attorneys prior to that, neither one of them were willing to do what I asked so - -

(See November 20, 2003 Transcript of Proceedings, page 31, attached).

At said hearing, Mr. Kuske testified that he discussed the possibility of filing a motion to suppress with the Defendant prior to the Defendant entering a guilty plea in cases 00-20018, 00- 20140, 00-20141, 00-20150, and 00-2 1286. (*See* November 20, 2003 Transcript of Proceedings, page 5, attached). He further testified that the Defendant had a limited amount of time to accept the State's plea offer, and that the filing of a motion to suppress would have resulted in the Defendant missing out on the plea offer. (*See* November 20, 2003 Transcript of Proceedings, pages 5-6, attached). Finally, Mr. Kuske testified that he advised the Defendant that it was ultimately his [Defendant's]  decision whether to enter into a plea agreement or proceed to trial. Mr. Kuske testified that he advised the Defendant that it would be a difficult burden to overcome, but ultimately left the decision to the Defendant. (*See* November 20, 2003 Transcript of Proceedings, page 7, attached).

After reviewing ground 1, the testimony, evidence, and argument presented on November 20, 2003, the court file, and the record, the Court finds Mr. Kuske's testimony to be more credible than the other witnesses who testified at the evidentiary hearing. Additionally, a defense counsel is entitled to broad discretion

regarding trial strategy and "tactical" decisions made at trial. *See Harley v. State*, 594 So. 2d 352, 353 (Fla. 2nd DCA 1992). Therefore, Defendant fails to demonstrate how counsel performed deficiently pursuant to *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Since Defendant has failed to meet the first prong of Strickland, it is unnecessary to address the prejudice component. *See Downs v. State*, 740 So. 2d 506, 518 n. 19 (Fla. 1999). As such, no relief is warranted upon this portion of ground 1.

. . . .

(Resp. Ex. 16).

Branham does not overcome the presumption of correctness of the postconviction court's findings in denying his ground. 28 U.S.C. § 2254(e)(1); *see also, Marshall v. Lonberger*, 459 U.S. 422, 431-32 (1983)(pre-AEDPA case recognizing that state court's factual determinations fairly supported by record regarding voluntariness of guilty plea in prior proceeding were entitled to presumption of correctness because findings were based on state court's determination of defendant's credibility during his testimony before court). Nor does Branham overcome the strong presumption that trial counsel's performance concerning his statements to police was in the exercise of reasonable professional judgment. *Strickland*, 466 U.S., at 690.

Counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir. 1991)(internal citation omitted). *See also, Halbert v. Michigan*, 125 S. Ct. 2582, 2598 (2005)(When a defendant pleads in open court, there is less need for counsel to develop the record and refine claims to present to an appellate court). Moreover, "[t]he defense of a criminal case is not an undertaking in which

everything not prohibited is required. Nor does it contemplate the employment of wholly unlimited time and resources." *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992), *cert. denied*, 510 U.S. 829 (1993).

In Branham's case, it is objectively reasonable to conclude based on the present record that his counsel investigated and evaluated the circumstances regarding Branham's statements to police and advised him as to the merits thereof. The decision not to test the confession in a motion to suppress fell within the wide range of reasonable professional assistance, particularly in view of the  point that the plea offer would not have remained on the table had counsel pursued a suppression endeavor. Branham's acceptance of the favorable plea bargain was an informed election to forego further pursuit of the issue he now proposes was ignored. Counsel cannot be considered ineffective where, as here, a competent defendant makes an informed choice to plead guilty to the charges. *See Strickland*, 466 U.S. at 690-92 (counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by him).

Branham's claim is, in actuality, formed on speculation as to a favorable suppression order. He does not show that no reasonably competent attorney could have concluded that admissibility of the statements was sufficiently probable so as to recommend the plea bargain. *See McMann v. Richardson*, 397 U.S. at 770 (1970)("That this Court might hold a defendant's confession inadmissible in evidence, possibly by a divided vote, hardly justifies a conclusion that the defendant's attorney was incompetent or ineffective when he thought the admissibility of the confession sufficiently probable to advise a plea of guilty."); *see also, Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985)(speculation is insufficient to carry burden of habeas corpus petitioner as to what

evidence could have been revealed by further investigation).

This ground can be disposed of on the prejudice prong without addressing the deficiency prong. Branham does not show that the state court would have been obliged to accept his factual underpinnings for his suppression theory. Moreover, afforded the opportunity, Branham did not credibly show that had his counsel performed as proposed, there was a reasonable probability that Branham would have declined the state's plea offer.

A mere allegation by the defendant that he would have insisted on going to trial, although required, is insufficient to establish prejudice. See Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001)(defendant's mere allegation that he would have insisted on trial but for counsel's errors, although necessary, is ultimately insufficient to entitle him to relief on an ineffective assistance claim; rather; Court looks to factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial); *see also, United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990).

Branham's collateral declaration he would have tried his case rather than pled but for the alleged claims of omission of counsel is contravened by counsel's testimony, which reveals that counsel obtained an advantageous plea bargain for Branham, shielding him from exposure to potential life imprisonment if convicted after a jury trial and also a favorable sentencing structure. Moreover, Branham did not show in his rule 3.850 proceeding that the state's cases rested solely on the confession. Under the circumstances, it is objectively reasonable to conclude, based on the objective facts at hand at the time of the plea, that Branham would not have proceeded to trial and risked a more serious outcome had counsel pursued the proposed suppression endeavor.

Thus, even if   Branham's ineffective assistance claim survives the waiver

associated with a voluntary guilty plea, the claim still fails because Branham has not met both *Strickland* prongs. Because counsel's alleged ineffectiveness occurred prior to Branham's guilty plea and does not affect the jurisdiction of the trial court or the voluntariness of the pleas, Branham's ground is waived by entry of his intelligent and voluntary plea.

The voluntariness of a plea is determined by considering all of the relevant circumstances surrounding it. *Brady v. United States*, 397 U.S. 742, 749 (1970). A plea qualifies as intelligent, furthermore, when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley v. United States*, 523 U.S. 614, 618 (1998)(quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941).

A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process. If a defendant understands the charges against him, understands the consequences of the guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review. *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991).

Branham does not allege his plea was involuntary. Moreover, review of the state record bears out the objectively reasonable conclusion that Branham's plea was a voluntary and intelligent choice among the alternative courses open to him. It follows that because his ground raises nonjurisdictional matters antecedent to and independent of his plea, Branham's voluntary guilty plea worked a waiver of his underlying confession issue, as well as claim of ineffective assistance of counsel. *E.g., Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)(".... because we have already held Smith's plea to be voluntary, it follows that

his claims of ineffectiveness unrelated to the guilty plea are waived -- e.g., Johnson's alleged failure to review the prosecutor's file to verify laboratory test results that the substances Smith delivered were in fact heroin and cocaine; Johnson's alleged failure to investigate witnesses and the legality of Smith's arrest; or any other alleged failure of Johnson to find "holes" in the government's case against Smith.").

Additionally, § 2254(e)(2) bars a federal district court from conducting an evidentiary hearing or otherwise permitting an expansion of the evidentiary record in support of a habeas claim if the petitioner failed to develop the factual basis for his claim in state court. Diligence for purposes of § 2254(e)(2) depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in the state court. *See Williams v. Taylor*, 529 U.S. 420, 435 (2000).

Branham in challenging his plea-based judgment in his first rule 3.850 motion did not establish his factual underpinnings when afforded the opportunity. He is now precluded by § 2254(e)(2) from developing any new factual assertions not presented the state courts in a timely manner.[6] And, even if § 2254(e)(2) does not preclude a federal evidentiary hearing, Branham nonetheless is not automatically entitled to a hearing.

In order to obtain an evidentiary hearing, the petitioner must demonstrate he would be entitled to habeas relief on his claim if his factual allegations are proven. *See*

---

[6] Any new factual assertions not pled in his first rule 3.850 motion and raised at his evidentiary hearing and on collateral appeal are also procedurally barred on independent and adequate state procedural grounds of rule 3.850's time limit and the state's successive petition doctrine. If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992); *Jackson v. Herring*, 42 F.3d 1350, 1355 (11th Cir.), *reh. denied*, 51 F.3d 1052 (11th Cir. 1995) (petitioner's ineffective assistance claim was not raised in state court and was procedurally barred). *Tower v. Phillips*, 979 F.2d 807 (11th Cir. 1992)(federal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law, citing *Coleman v. Thompson*; in addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted, unless petitioner is able to show both cause and prejudice resulting therefrom).

*Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002)("in order for Breedlove to obtain an evidentiary hearing, he must demonstrate that he would be entitled to habeas relief on his Brady claim if his factual allegations are proven"). This determination is circumscribed by the AEDPA's highly deferential standards. *See Breedlove*, 279 F.3d at 960 ("In the post AEDPA era, we do not conduct an independent review of claims that have been addressed on the merits by the state courts. The relevant standard for federal habeas review of such claims is governed by 28 U.S.C. § 2254(d)(1)....")

In Branham's case, he is not entitled to a federal hearing. He did not establish his factual underpinnings in his rule 3.850 proceedings and does not show that the state court acted contrary to, or unreasonably applied, federal law as clearly established by the Supreme Court, or unreasonably determined facts in light of the evidence, when it denied his claim of proposed omission of counsel after an evidentiary hearing. *See Breedlove*, 279 F.3d at 960 ("While Breedlove's diligent efforts to obtain an evidentiary hearing in state court mean that a federal evidentiary hearing is not barred by § 2254(e)(2), it would still be appropriate to deny him an evidentiary hearing if such a hearing would not assist in the resolution of his claim.")(internal citation omitted).

Accordingly, the Court orders:

That Branham's petition for writ of habeas corpus (Doc. No. 1) is denied, with prejudice.  The Clerk is directed to enter judgment against Branham and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court

must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 7, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Johnny Edward Branham, pro se